IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS PEREZ, ) | |
| ) | NO. C 06- 00388 JW    PR |
| Plaintiff, ) | |
| v. ) | ORDER OF SERVICE; DIRECTING |
| ) | DEFENDANTS TO FILE DISPOSITIVE |
| SANTA CLARA COUNTY, et al., ) | MOTION OR NOTICE REGARDING |
| ) | SUCH MOTION |
| Defendant(s). ) | |
| ) | |

Plaintiff, currently a prisoner at the United States Penitentiary - Lompoc in Terra Haute, Indiana, filed a pro se complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights by prison officials during his detainment at the Santa Clara County Jail ("SCCJ"). The original complaint was dismissed with leave to amend. Plaintiff has filed an amended complaint which is now before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.

Order of Service
P:\PRO-SE\SJ.JW\CR.06\perez388.service.wpd

28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

Plaintiff alleges that on January 8, 2005, while he was detained at the Santa Clara County Jail, he was attacked by defendants Officer Durante and three other unidentified officers. Plaintiff alleges that he was handcuffed, belly-banded and shackled at the time of the attack, and that he sustained blows to his chest, ribs, legs and face until he passed out from the pain. Plaintiff asserts that the defendants' conduct constitutes excessive force in violation of the Fifth Amendment and cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff also claims that the jail commander is liable for failing to properly train, supervise and maintain his personnel and department, whose unconstitutional acts lead to plaintiff's injuries. Liberally construed, plaintiff's allegations state cognizable claims under § 1983.

Plaintiff's claims against the County of Santa Clara are DISMISSED. Plaintiff's allegations that the County was indifferent to SCCJ's alleged policy of harming and harassing Mexican Nationals are conclusory and unsupported by sufficient facts to show that the County either knew of such a policy or itself maintained a policy that amounted to deliberate indifference to plaintiff's constitutional rights. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). Proof of random acts or isolated incidents of unconstitutional action by a non-policymaking employee are

insufficient to establish the existence of a municipal policy or custom. See McDade v. West, 223 F.3d 1135, 1142 (9th Cir. 2000).

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's claims against Santa Clara County are DISMISSED for failure to state a cognizable claim for relief. Accordingly, Santa Clara County is DISMISSED as a party to this action.

2. The clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Officer Durante** and the **Jail Commander** at Santa Clara County Jail. The clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office. As to defendants John Does 2, 3 and 4, plaintiff may through discovery attempt to identify the unknown defendants, and is thereafter given leave to amend to name the intended defendants. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Barsten v. Dep't of the Interior, 896 F.2d 422, 423-24 (9th Cir. 1990). Plaintiff may request the Court to issue summons upon the John Does after they have been identified.

3. No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

 a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

 b. Any motion for summary judgment shall be supported by adequate

factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

    a. In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Service
P:\PRO-SE\SJ.JW\CR.06\perez388.service.wpd

4

> other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Order of Service
P:\PRO-SE\SJ.JW\CR.06\perez388.service.wpd

10. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received. Any motion for an extension of time must be filed no later than the deadline sought to be extended.

Dated: January 7, 2008

JAMES WARE
United States District Judge